## C. EDWARD FOSTER v. JOSEPH FLEISHANS

*Lease—Surrender.*

In this case the findings of fact are held sufficiently supported by the evidence, and the conclusion of law of the circuit judge, that they constituted a surrender of the lease and premises by the defendant, entirely correct. · This is the only question involved, and an examination of the opinion is essential to a correct understanding of the case.

Error to Wayne. (Jennison, J.) Argued February 8 and 9, 1888. Decided April 20, 1888.

*Assumpsit* for rent. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Fraser & Gates,* for appellant.

*James H. Pound (George Cox,* of counsel), for defendant.

SHERWOOD, C. J. This action is brought by the plaintiff to recover of the defendant two months' rent of real estate in Detroit. Fleishans occupied under a written lease executed to him by Hall & Snow, on the fifth day of October, 1885, as lessors. The rental was for two years, at $20 per month, to be paid in advance.

The plaintiff seeks to recover two months' rent, under the lease, from October 8 to December 8, 1886.

The cause was tried before Judge Jennison in the Wayne circuit without a jury, who after making a special finding of the facts, rendered judgment for the defendant for costs. Plaintiff brings error.

From the findings it appears that April 29, 1886, May Adeline Apger owned the rented premises, and held the lease, by virtue of a deed of them to her from a grantee of said lessors, and that said defendant then occupied the premises under said lease, and paid rent to her.

That on said last-named day Mrs. Apger conveyed the leased premises to her mother, Maria E. Gibson, and she at once notified defendant to pay rent to her thereafter; that Mrs. Gibson transacted all her business through her daughter, Mrs. Apger, who collected her rents for her.

That on the eighth day of September, 1886, the defendant notified Mrs. Apger that he intended to leave the premises on the eighth of October following; and from the latter date until the twenty-second of the same month the premises were under the control and in possession of Mrs. Gibson.

That a few days after said notice, and with the consent of the defendant, Mrs. Apger put a card in the window of the building upon said premises, containing a notice "To Rent;" that defendant told her the lease could be destroyed, that he should not return to the premises, and Mrs. Apger told him, if he would pay that month's rent, it would be all right, and she would be satisfied, and he accordingly paid her the rent to October 8, and then moved out, and delivered up the key to Mrs. Apger; that Mrs. Gibson was absent from home at this time, but on her return Mrs. Apger informed her of what had occurred between her and the defendant, and Mrs. Gibson said nothing; that she left Detroit in July, and did not return until the seventh of October following, and that she did nothing during this period except as above stated; that, by the terms of the lease, the rent was payable to the lessors, their representatives and assigns; and that, when the defendant left the premises, but one year of the term had expired.

That on the said twenty-second day of October, 1886, said Mrs. Gibson sold and conveyed the premises to the plaintiff.

That the plaintiff viewed the premises before purchasing; that he saw a sign in the window "To Rent," and that the premises were vacant and unoccupied at the time of his purchase, and that the key of the building was delivered to him at the time he obtained his deed.

That, after receiving the deed and key, he unlocked the door, and went in, and again examined the premises, and on leaving the building left in the window the card " To Rent," locked the door, and has ever since kept the key in his possession, and once offered to rent the property to a barber.

The foregoing facts the learned circuit judge held constituted a surrender of the lease and premises to Mrs. Gibson, and thereupon rendered the judgment before stated.

Four errors are assigned to the rulings in taking the testimony, and the other four relate to the findings of fact and the law.

Upon the theory of the defendant, we think the testimony objected to was all admissible, and no error was committed in so holding.

The findings excepted to by counsel for plaintiff it is claimed are without evidence to support them, and, if there is no evidence having that tendency, the exceptions are well taken.

The first finding excepted to is—.

" That said Maria E. Gibson transacted all her business through her daughter, the said May A. Apger."

Mr. Fleishans says, in his testimony:

" I know Mrs. Gibson. She came to see me once. She said to me that her daughter did not have time to come down; that I should pay the rent to her. 　*　*　*　After that I continued paying her daughter. I moved out on the eighth of October. I delivered the keys to Mrs. Apger, 　*　*　* where Mrs. Apger and Mrs. Gibson live."

Mrs. Apger says, in her testimony, that Mrs. Gibson is her mother, and that they lived together; that she collected the rents of defendant for her mother, and took the keys from defendant, and directed him to put up the sign "To Rent;" that she kept the keys until her mother sold the house to the plaintiff, and delivered them to him. Mrs. Gibson testified:

" I lived with my daughter three years. At the time Mr. Foster purchased the premises, I owned them. Mrs. Apger

is my daughter. I have been living with her ever since my husband died,—for three years,—in Detroit. I told my daughter to collect the rent, and do the business as she always does. \* \* \* She always does my business, and I was away, and she put up the sign. \* \* \* She always sees to everything for me, and does all my writing, and all business matters; but there is not any agreement between us."

We think the foregoing is quite sufficient to support the first finding. Of course, only so much of the 'testimony is material or necessary as relates to the business pertaining to the renting of the premises, and the surrender of the same, upon the lease, to Mrs. Gibson by Fleishans.

The findings—

" 2. That the said premises thereafter remained in the possession and control of Mrs. Gibson from October 8, 1886, until October 22, 1886 ; —

" 3. That a few days after said notice, and with consent of said defendant, Mrs. Apger put up a card, through one Eberle, in the window of said premises, with notice 'To Rent' upon it ;—

" 4. That Mrs. Gibson stated that her daughter always saw to everything, and did everything for her, and always attended to her business, and did all of her writing and business ; and—

" 5. That said Foster, after the purchase, undertook to lease same to third parties,"—

Are each and all sufficiently supported by the testimony, and it is unnecessary to herein more particularly refer to the same.

If the testimony would have been sufficient to support the verdict of a jury, then the conclusion of the circuit judge cannot be disturbed, and the legal conclusion reached by him upon the findings was entirely correct.

No error appearing in the record the judgment must be affirmed, with costs.

CHAMPLIN, MORSE, and LONG, JJ., concurred.